UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY N. GRIMES,

    Plaintiff,

v.

UNITED PARCEL SERVICES, ET AL,

    Defendants.
_____/

No. C 05-1824 CRB (JL)

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Docket #s 122, 123, 124, 125)**

**Introduction**

The parties' discovery dispute came on for hearing. Attorney for Plaintiff Greg Grimes was Kathryn Burckett Dickson, DICKSON-ROSS. Attorney for Defendant United Parcel Service (UPS) was Kerri N. Harper, PAUL HASTINGS.

Grimes agrees to respond to UPS's First request for Admissions No. 1.

Defendant produced a Privilege Log.

The Court considered the moving and opposing papers and the arguments of counsel and hereby orders that Plaintiff's motion to compel is granted, in part.

UPS shall respond to:

Plaintiff's Second and Third Requests for Admissions 14, 15, 18, 19, 20, 23, 29 and 31; Plaintiff's Second Request for Production of Documents Nos. 116-118, 119, 122, 130, 131, 132, 133, 134, 135, 136, 139, 140, 144, 147, 152, 153, 155, 156, 158, 160, 161, 162,

164, 165, 166, and 168-169. The time frame for the responses is up to December 2005 or the dates in the Requests.

With respect to Plaintiff's Third Request for Production of Documents Nos. 186, 192, and 193, the parties shall meet and confer. If obtaining these documents would require separate review of individual personnel files, the motion to compel is denied, otherwise it is granted. The other requests are granted: 173, 175, 177-180, 181, 182, 183, 184, 185 (for January 2002-December 2003),194, and 197. With respect to Plaintiff's Fourth Request for Production of Documents, Plaintiff's motion to compel responses to 195 and 196 are denied. Plaintiff's motion to compel responses to Nos. 179-180, 182, 189, and 199 is granted. Compliance with all terms of this order shall be due within five business days of the e-filing of the order.

## Meet and Confer

The parties have met and conferred, both in person and on the phone. They were not able to file joint letter briefs, but instead filed separate letter briefs.

## Discovery not in Dispute

Grimes seeks an order from the Court directing UPS to comply with its commitments to produce a proper privilege log, and to complete its inquiries and produce responsive documents in a timely fashion, preferably by September 24 (moot since the discovery hearing was September 27). Grimes alleges undue delay especially since the trial date approaches (October 29).

UPS claims it produced a privilege log on September 12, the same day it e-filed its letter briefs in response to Grimes's letter briefs. At the hearing, Plaintiff's counsel confirmed that she had received Defendants' privilege log.

## Factual and Procedural Background

This is an individual and representative employment action brought by plaintiff Gregory Grimes against his former employer United Parcel Service, Inc. (referred to in the Complaint as "UPS" or "the company") and two of its managers, Bill Klussman and Gary Hollandsworth.

C-05-1824 DISCOVERY ORDER                                                                                    Page 2 of 10

Plaintiff alleges that Defendants discriminated against Mr. Grimes, including adversely altering the terms and conditions of his employment, creating a hostile work environment, and ultimately terminating him, based upon his mental disability - severe depression. Defendants failed to reasonably accommodate Mr. Grimes's medical condition and failed to engage in good faith in an interactive process to determine reasonable accommodations. In so doing, Defendants violated the California Fair Employment and Housing Act. Defendants also violated both federal and state constitutional, statutory, and common-law privacy protections by failing to maintain Plaintiff's medical records separately from his personnel files, by providing Mr. Grimes's medical records to unauthorized persons, and by disseminating information among its employees about Mr. Grimes's medical condition, all without his consent. Finally, Mr. Grimes brought a representative action alleging that UPS's requirement that employees may return from medical leave only if 100% healed, violates California's anti-discrimination and unfair business practices law.

Grimes seeks compensatory and punitive damages, declaratory and injunctive relief, and his attorneys' fees and costs.

Grimes filed this lawsuit originally pro se against United Parcel Service ("UPS"), his former employer, and two individual managers, in Contra Costa County Superior Court for disability discrimination under California Fair Employment and Housing Act. In May 2005 UPS removed the case to this court. Grimes amended his complaint, UPS moved to strike the amended complaint and the case went through Early Neutral Evaluation, terminating without a settlement in April 2006. Judge Breyer had denied the motion to strike in January 2006. Present counsel Kathryn Burckett Dickson appeared in August 2006.

Grimes filed a Second Amended Complaint. This alleged claims for Disability discrimination, hostile environment, failure to reasonably accommodate and to engage in interactive process; retaliation; failure to prevent discrimination (Cal. Fair Employment and Housing Act, Gov't Code §§ 12940 et seq); Violation of privacy (Cal. Const. Art. I, Sec. 1; Cal. Civ. Code §§ 56.10, 56.20, Cal. common law); Unfair business practices, Cal. Bus. &

Prof. Code §17200, et seq.; Negligent Infliction of Emotional Distress (Cal. common law), and demanded a jury trial.

In June Judge Breyer scheduled the trial for October 29 and Grimes associated in additional counsel, Claudia Center.

In August 2007 the parties stipulated to dismissal of the Fifth and Twelfth claims for relief. (Hostile Work Environment based on Disability Discrimination, Gov't Code § 12940(j) and Negligent Infliction of Emotional Distress - California common law.

Grimes moved for partial summary judgment, to be heard October 5, 2007. Defendant filed its motion for summary judgment for hearing on the same day.

### Discovery Dispute

UPS's First Request for Admissions No. 1 - UPS asks Grimes to admit the genuineness of a document, a "Pre-Complaint Questionnaire" that Grimes filled out and provided to the California Department of Fair Employment and Housing ("DFEH").

At the hearing, Grimes's counsel stated her non-opposition to this request.

**Plaintiff's Second and Third Requests for Admissions Nos. 14, 15, 18, 19, 20, 23, 29, and 31.**

Request Nos. 14, 15, 19 and 20 are similar, and ask that UPS admit that various other entities, including Kemper and CIGNA, were its agents, authorized to communicate with Grimes and any health care providers who treated or examined him. UPS objects that the requests are compound and conjunctive, vague and ambiguous. It answered to the extent it could and denied the rest.

Grimes contends he is entitled to a clear and straightforward admission or denial of the "agency" issues raised in the requests for admissions. Grimes asks UPS to respond with respect to health care professionals who examined Grimes, not only those who treated him. Also, UPS refers to "timely" requests, without explaining or defining.

Requests 18, 20, 29 and 31 ask UPS to admit that CIGNA, for example, "had a duty to inform UPS of any suggestion or request for accommodation, made by Mr. Grimes of health care providers who treated or examined Mr. Grimes." UPS objects that this request

calls for a purely legal conclusion as to the legal duty of a non-party to this case. UPS admitted that it authorized and expected CIGNA to inform UPS of any timely suggestions or requests for accommodation made by Grimes or his treating health care providers. UPS otherwise denies this request."

Grimes asked UPS to admit CIGNA and Kemper's duty to inform UPS of any suggestion or request for accommodation, by any health care providers who reviewed Grimes's mental health records, including those who reviewed for the purpose of administering disability benefits. Grimes asks for an order that UPS respond, since the admission relates to concepts of legal duty as applied to the facts in the case. This is completely proper. See FRCP 36(a), Schwarzer, Tashima and Wagstaffe, CAL. PRACTICE GUIDE: FED. CIV. PROC. BEFORE TRIAL (the Rutter Group 2007) at ¶11:2006-11:2209, at p. 11-243.

**Plaintiff's Second Request for Production of Documents Nos.116-118, 119, 122, 130, 131, 132, 133, 144, 147, 155, 161, 169** - UPS objects that these are extremely private.

Grimes contends that UPS agreed to produce the following documents, but just restricted the time frame or is lagging in production and should be ordered to produce them by September 24 (kind of moot since the hearing is September 27) - Grimes claims these documents are relevant to whether there were jobs available at UPS that he could have been placed in when he returned from disability leave or that he could have been "hired" into after he was terminated. (Nos. 119, 130, 131, 133, 135, 144, 147)

Grimes contends that some requests are relevant to his claims of discrimination, failure to accommodate, failure to engage in good faith in the "interactive process" and failure to take all steps necessary to prevent discrimination and to punitive damages (Nos. 122, 133, 135, 140, 166)

Grimes claims that some requests are relevant to his claims regarding management's deception that Grimes had been listed as eligible for "re-hire" when he had, in fact, been listed as "no re-hire" - also relevant to punitive damages (No. 164)

1    116-118 and 122 - UPS agreed to provide documents up through 2002; there is a
2 dispute as to documents after that date.

3    132, 134, 136, 139, 140 - UPS will produce documents from February 2001 -
4 February 2002; there is a dispute as to the remaining period.

5    144 - UPS will produce documents for 2002-2003; there is a dispute as to the more
6 recent documents.

7    152, 153, 155 - UPS will produce documents through 2003.

8    156, 158 - Grimes provided examples at UPS's request.

9    160, 161, 162, 165, and 168-169.

10    Nos. 134, 139, 152, 153, 162, 168 - UPS says it already agreed to produce
11 responsive documents.

12    No. 136 - UPS agreed to produce responsive documents through February 7, 2003.

13    No. 158 - UPS contends this request is vague because "UPS districts" do not have
14 "career development plans." Districts have goals and people have career development
15 plans. UPS contends that career development plans of other employees are irrelevant and
16 private.

17    No. 160 - UPS objects to producing employee expense reports of other managers
18 from December 2000-January 2001 on the basis that they are irrelevant and burdensome
19 since they were created so long ago.

20    No. 140 and 144 - UPS objects to producing post-2002 disability training and
21 policies when Grimes was administratively terminated on February 5, 2002.

22    No. 165 - UPS objects that "termination forms" of all managers in two Regions from
23 2000 to the present is not relevant because it is "not limited to persons involuntarily
24 separated by decisionmakers involved in Grimes' separation, or persons similarly situated
25 to Grimes. Even if this request were as narrowly tailored as Request No. 164, to which UPS
26 does not object, UPS "would have to search individual personnel files long since put to
27 storage or destroyed" to find termination-related documents.

28

1   No. 166 - UPS also objects to producing documents related to any consent decree it
2   may have entered into with a public or private entity in a disability discrimination case.

**Plaintiff's Third Request for Production of Documents**

Request No. 177 - information regarding the transfer of UPS managers and supervisors in the areas Grimes was qualified in, to UPS subsidiaries.

Request No. 178 - documents regarding the retirement dates and ages for industrial engineering managers like Grimes in a relevant region.

Request No. 179, 180 and 182 - statistics regarding internal versus external hiring for positions for which Grimes was qualified, as well as headcount statistics for those positions.

Request No. 186 - information on the number of managers who did not receive their full stock award. Grimes believes his stock award was cut in half in violation of company policy and disability discrimination law.

Request Nos. 192-193 - information on disability and other leaves (exceeding one month) taken by other managers in the UPS region in which Grimes worked. Grimes contends that UPS must have some way of retrieving this information electronically and notes a "recent well-publicized class certification order involving UPS and disability discrimination."

Request No. 194 - limited to documents which show any instance in which a UPS manager in the relevant regions was labeled "no re-hire" on the termination paperwork, but who was thereafter re-hired by UPS. UPS has claimed that the "no re-hire" designation is meaningless and that managers can be re-hired despite that designation. Grimes will accept coded or redacted documents.

Request Nos. 177, 179, 180, and 182 - UPS objects to producing documents related to open positions (1) at UPS subsidiaries, or (2) in places other than Washington, because Grimes never applied for a job outside of Washington and confirmed in numerous documents and in sworn testimony that he intended never top leave Washington. Nor did Grimes ever apply for job outside Washington. Consequently, UPS did not look for positions for him outside of the regional offices in San Ramon, California, or the district

offices in Washington. UPS contends that Grimes has no right to discover internal job postings and placements in other locations throughout the United States in locations to which he did not apply and UPS did not consider for him.

Request No. 178 - UPS objects to producing birth dates, ages at retirement, hire dates, retirement dates, and reasons former employees provided for retirement, on the basis that this is highly confidential, personal information for which UPS employees have rights of privacy. Someone's retiring from a position would not necessarily mean that position was available to Grimes.

Request No. 186 - UPS objects that this is an impermissible interrogatory disguised as a document request. UPS does not maintain any documents that identify the number of managers who did not receive stock awards, expressed in percentages or otherwise.

Request No. 192 and 193 - UPS would have to search through individual personnel files of all management employees in two region - hundreds of individuals and then manually redact all personal information - unduly burdensome.

Request No. No. 194 - UPS objects to the breadth of this request, and contends any response would not be relevant to Grimes.

**Plaintiff's Fourth Request for Production of Documents**

UPS has agreed to produce documents in response to Request Nos. 197, 198, 201, 202, and 203.

The disputed categories include Request Nos. 179-180, 182, 189, 195-196, and 199.

Request No. 179 seeks a training document entitled: "Injured Employees: Focus on Abilities, Health and Safety and the ADA." Grimes contends this document may contain admissions that would be relevant to his claims of disability discrimination, reasonable accommodation, the interactive process and UPS's possible history of discrimination. Request No. 180 seeks disability discrimination training material. Request No. 189 seeks training received by UPS managers involved with Grimes's leaves and termination.

UPS objects that these training materials were not in effect at the time UPS administratively terminated Grimes.

1      Grimes responds that he worked for UPS starting in 1986, so information going back
2 to at least 1995 is relevant and information between 2002 and the present is relevant to the
3 question of whether UPS has taken all reasonable steps to prevent discrimination, as
4 required by FEHA. UPS asserts the affirmative defense that it has done so.

5      Request Nos. 195 and 196 seek information on housing allowance and relocation
6 expenses for managers in Grimes's regional office. Grimes observes that in its motion for
7 summary judgment, UPS made assertions regarding the housing allowance and relocation
8 expenses, making this inquiry relevant. UPS denies that other managers' housing
9 allowances or relocation expenses are relevant to Grimes's claim of discrimination.

10      Request Nos. 182 and 199 - See, respectively, speeches by date and presenter, by
11 UPS's CEO and other executives referring or relating to UPS's need for industrial
12 engineers, such as Grimes. This is relevant to Grimes's claims of discrimination, including
13 his attempts to be re-employed by UPS and could impeach statements to Grimes by UPS's
14 human resources manager that there were no jobs for him at UPS; and Industrial
15 Engineering Department staffing requirements. These would be relevant to Grimes's re-hire
16 claim and the credibility of statements to Grimes that there were no positions suitable for
17 him at UPS.

18      UPS objects to producing general speeches or information related to locations other
19 than Washington or San Ramon.

**Conclusion and Order**

21      Plaintiff's motion to compel is granted, in part.
22      UPS shall respond to:
23      Plaintiff's Second and Third Requests for Admissions 14, 15, 18, 19, 20, 23, 29 and
24 31; Plaintiff's Second Request for Production of Documents Nos. 116-118, 119, 122, 130,
25 131, 132, 133, 134, 135, 136, 139, 140, 144, 147, 152, 153, 155, 156, 158, 160, 161, 162,
26 164, 165, 166, and 168-169. The time frame for the responses is up to December 2005 or
27 the dates in the Requests.
28      With respect to Plaintiff's Third Request for Production of Documents Nos. 186,
192, and 193, the parties shall meet and confer. If obtaining these documents would

1  require separate review of individual personnel files, the motion to compel is denied,
2  otherwise it is granted. The other requests are granted: 173, 175, 177-180, 181, 182, 183,
3  184, 185 (for January 2002-December 2003),194, and 197. With respect to Plaintiff's
4  Fourth Request for Production of Documents, Plaintiff's motion to compel responses to 195
5  and 196 are denied. Plaintiff's motion to compel responses to Nos. 179-180, 182, 189, and
6  199 is granted. Compliance with this order shall be due within five business days after it is
7  e-filed.

      IT IS SO ORDERED.

DATED: September 28, 2007

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\05-1824\ord-GIP-122,123,124,125.wpd