*E-FILED 12/14/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NEAL GRIMES,

    Plaintiff,

v.

UNITED PARCEL SERVICE,

    Defendant.

NO. C 05-01824 RS

**ORDER RE MOTION FOR RECONSIDERATION**

## I.  INTRODUCTION

Plaintiff Gregory Neal Grimes moves for reconsideration of the Court's order granting partial summary judgment in favor of defendant United Parcel Service ("UPS") on his Eighth claim for relief, which sought to impose liability against UPS based on its allegedly discriminatory failure to rehire him.  As explained below, the motion will be denied because Grimes has failed to show a sufficient basis for reconsideration exists.

## II.  BACKGROUND

This action arises from the termination of Grimes' employment with UPS in early February of 2002, after Grimes had been on disability leave for 12 continuous months.  Grimes contends, among other things, that under UPS's policies, he had until the *end* of the month in February of 2002 to resume work, and that his termination earlier in that month was therefore inappropriate.

1

1  Grimes argues that when he attempted to raise that issue, UPS gave him some assurances that he
2  could be rehired.

3  Both parties moved for partial summary judgment. Relevant here is the Court's oral ruling in
4  favor of defendants on Grime's eighth claim for relief:  The Court stated: "Count 8, the
5  discriminatory or retaliatory failure to rehire, I'm granting that motion.  There's no evidence that the
6  stated reason for failure are [sic] to rehire, the lack of the job openings, was pretextural [sic]."

7  Under Civil Local Rule 7-9, which precludes parties from seeking reconsideration without
8  leave of court, Grimes requested such leave, asserting that UPS had produced evidence after the
9  prior ruling that would support a different result.  The Court granted Grimes's request for leave to
10 seek reconsideration, which lead to this proceeding.

### III. DISCUSSION

13 Grimes sought, and was granted, leave to move for reconsideration based on his assertions
14 that: (1) the Court's order granting summary judgment on the eighth claim for relief was premised
15 on the notion that UPS had *no* job openings for which Grimes would have qualified in the relevant
16 time period, and (2) documents produced by UPS *after* the summary judgment ruling show that,
17 contrary to what UPS argued when seeking summary judgment, UPS had many job openings for
18 which he was qualified.

19 The "new" evidence of other jobs openings within UPS does not warrant reconsideration.
20 By his own admission, Grimes made the argument in the prior proceedings that there was abundant
21 evidence of jobs that he could have taken.  See Motion for Reconsideration at 16:14-17:10 (citing
22 opposition to motion for summary judgment at 8:9-22, "Rather, there were many jobs at UPS that
23 this highly-experienced, hard-working, capable employee could fill.")[1]  In the prior proceedings,
24 UPS never suggested that it had *no* job openings anywhere within its operations for which Grimes
25 might be qualified.  Rather, UPS specifically argued that its manager who was interacting with

---

[1] At the hearing, Grimes asserted that he previously only had evidence of a very few other job openings that he had located through his own internet research.  In fact, Grimes' opposition to the motion also cited testimony and exhibits produced in the deposition of a UPS human resources manager.

2

Grimes made efforts to determine whether UPS had any job openings at the level and in the particular geographic regions he believed Grimes wanted.  With one exception, Grimes's "new" evidence at most further supports his contention that there were other jobs in other places for which he was qualified,  but it does not rise to a level that warrants a different result.

The one piece of evidence that is *not* merely cumulative to that considered in the prior proceeding is the fact, apparently not disclosed before the summary judgment hearing, that the person who occupied Grimes's last position with UPS resigned shortly after Grimes first asked to be rehired.  UPS's failure to disclose this fact is somewhat troubling, particularly in light of affirmative representations it made such as "Grimes' prior position . . . had already been filled."

Nevertheless, UPS is correct that there is no evidence that it ever *filled* the position that Grimes had previously held, after the resignation of his successor.  Nor is there any other evidence undermining  the conclusion that UPS reasonably determined it had no *appropriate* job opening to offer to Grimes.

Section B of Grimes's moving papers and almost all of his reply brief is devoted to arguing that the Court could and should have concluded there was a triable issue of fact as to whether UPS discriminated against him when considering his request to be re-employed.  Virtually none of that argument, however, is tied to any evidence that was not, or could not have been, presented in the prior proceeding.  As such, none of those arguments supports reconsideration.

## IV.  CONCLUSION

Grimes has failed to show any material difference between the present factual record and the evidence upon which the Court previously ruled.  Accordingly, the motion to reconsider is denied.

IT IS SO ORDERED.

Dated: December 14, 2007

RICHARD SEEBORG
United States Magistrate Judge

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Claudia Center    ccenter@las-elc.org, lbossing@las-elc.org, lkapros@las-elc.org

Kathryn Burkett Dickson    kbdickson@dicksonross.com, courtmail@boxerlaw.com, pwach@dicksonross.com

Thomas E. Geidt    tomgeidt@paulhastings.com, jeffsmith@paulhastings.com

Gregory Neal Grimes    Gngrimes65@aol.com

E. Jeffrey Grube , Esq    jeffgrube@paulhastings.com, patricialawson@paulhastings.com

Kerri N. Harper    kerriharper@paulhastings.com, jeffsmith@paulhastings.com

Leslie Fran Levy    courtmail@boxerlaw.com

Sana Swe    sanaswe@paulhastings.com, daliaromhill@sbcglobal.net

Maurice Kirby Collette Wilcox    kirbywilcox@paulhastings.com, janetgogna@paulhastings.com

Julie Anne Wilkinson    JulieWilkinson@paulhastings.com, helendevol@paulhastings.com


Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/14/07**                                             **Richard W. Wieking, Clerk**

                                                                **By:    Chambers**

ORDER RE MOTION FOR RECONSIDERATION
C 05-01824 RS

4