IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NEAL GRIMES, | NO. C 05-01824 RS |
| Plaintiff, | **ORDER DENYING LEAVE TO PURSUE "AFTER-ACQUIRED EVIDENCE" AFFIRMATIVE DEFENSE** |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

Plaintiff Gregory Grimes brought this action alleging that he was unlawfully terminated by his employer, defendant United Parcel Service, Inc. ("UPS"). Partial summary judgment has already been granted in favor of UPS on Grimes's claims that his termination was discriminatory, that UPS failed to rehire him for discriminatory reasons, and on various other claims. This action is proceeding to trial based on Grimes's claims that UPS failed to engage in the interactive process with him and failed reasonably to accommodate his disability.

When UPS filed its answer in this action it alleged, among other affirmative defenses, that

1

Grimes's recovery is barred, in whole or in part, by the "after-acquired evidence doctrine."[1] In response to interrogatories seeking the factual basis of affirmative defenses, UPS voluntarily withdrew this particular affirmative defense (along with certain others, not in dispute). UPS conditioned its withdrawal of the defense on a statement that it reserved the right to reassert it, "if further discovery reveals new evidence that would support [the defense]."

At the time UPS withdrew the defense, it had already taken the deposition of Grimes wherein he testified that he had attended certain college level classes but that he had not obtained any degree. As of that time UPS also had in its possession at least three copies of Grimes' employment application that apparently represents Grimes *does* hold a college degree. One copy was produced by Grimes to UPS as part of his initial disclosures in this action. A second copy was produced in discovery by UPS to Grimes. A third copy was marked as an exhibit during the deposition of UPS employee Cynthia Flaherty.

What UPS had *not* done as of the time it withdrew the defense was to "connect the dots" to recognize the discrepancy between Grimes's testimony and the employment application. Indeed, UPS apparently was unaware that it even had possession of any copy of the employment application, until counsel came across the Flaherty deposition exhibit during the course of trial preparation.

UPS's belated recognition of the *import* of evidence that was in its possession at the time it withdrew the defense is insufficient to permit it to reassert the defense now. UPS makes a valid point that because the after-acquired evidence doctrine cuts off damages only as of the date of discovery, the prejudice of a delayed discovery is minimized to a certain extent. That self-limiting feature of the doctrine, however, does little to address the prejudice Grimes has suffered here to his ability to show that the doctrine should not be applied against him at all. For example, for the doctrine to apply, the employer, "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge. *McKennon*, 513 U.S. at 362-363. Here, in reliance on UPS's interrogatory responses, Grimes did no discovery on this point.

---

[1] See *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995)

The Court has given careful consideration as to whether the prejudice could be cured or sufficiently minimized by permitting limited additional discovery at this juncture, but concludes that such an approach is not practicable under all the circumstances. Accordingly, UPS's motion for leave to reassert the defense and to submit jury instructions and a revised special verdict to address the issue is DENIED.

IT IS SO ORDERED.

Dated: January 22, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 05-01824 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Darci Elaine Burrell      courtmail@boxerlaw.com

Claudia Center      ccenter@las-elc.org, lbossing@las-elc.org, lkapros@las-elc.org

Kathryn Burkett Dickson      kbdickson@dicksonross.com, courtmail@boxerlaw.com, pwach@dicksonross.com

Thomas E. Geidt      tomgeidt@paulhastings.com, jeffsmith@paulhastings.com

E. Jeffrey Grube , Esq      jeffgrube@paulhastings.com, patricialawson@paulhastings.com

Kerri N. Harper      kerriharper@paulhastings.com, jeffsmith@paulhastings.com

Jean K Hyams      courtmail@boxerlaw.com

Leslie Fran Levy      courtmail@boxerlaw.com

Sana Swe      sanaswe@paulhastings.com, daliaromhill@sbcglobal.net

Maurice Kirby Collette Wilcox      kirbywilcox@paulhastings.com, janetgogna@paulhastings.com

Julie Anne Wilkinson      JulieWilkinson@paulhastings.com, helendevol@paulhastings.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/22/08**                              **Richard W. Wieking, Clerk**

                                                **By:      Chambers**

ORDER
C 05-01824 RS