United States District Court
For the Northern District of California

*E-FILED 1/24/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NEAL GRIMES,

        Plaintiff,

  v.

UNITED PARCEL SERVICE, INC.,

        Defendant.

NO. C 05-01824 RS

**ORDER RE *IN LIMINE* MOTIONS**

The parties' respective motions *in limine* having been fully briefed and argued, the Court rules as set forth below.

A. <u>UPS'S MOTIONS</u>:

**No. 1**  At the time UPS prepared and served this motion, it had not yet obtained partial summary judgment in its favor on Grimes's failure-to-rehire claim and its brief is largely directed to arguing that evidence this motion seeks to exclude is irrelevant in that regard.  Even in the absence

1

of that claim, Grimes contends that evidence regarding other job openings is relevant to his claims that UPS failed to engage in the interactive process and failed to make a reasonable accommodation for his disabilities. Grimes is correct that generally an employer's duty to engage in the interactive process and to make reasonable accommodations *may* involve exploring reassignment to other positions. What is not clear on the present record, however, is whether that general principle has any applicability to the facts of this case. Outside the context of his now-dismissed failure to rehire claim, it does not appear that Grimes is actually contending that UPS should have found him a different job, but that he should not have lost the job he previously held. At the hearing, UPS acknowledged that if the jury finds UPS to have failed to engage in the interactive process or to make a reasonable accommodation, then UPS likely will be held liable for having terminated Grimes from his existing job, without regard to whether other openings did or did not exist.

Accordingly, the motion is denied, but without prejudice to UPS renewing the objection as to the relevance of other job openings should Grimes fail to lay an adequate foundation that connects such evidence to one or more of the remaining claims for relief.

**No. 2**   The motion is granted. Evidence of changes made in UPS policy after Grimes was terminated regarding the notice given to employees of a pending termination risk are irrelevant and inadmissable with respect to any of the issues in this action, including the question of whether UPS adequately notified Grimes regarding the timing and circumstances under which he would be terminated. See Rule 407 of the Federal Rules of Evidence.

**No. 3**   The motion is denied. The probative value of evidence regarding the alleged "100% healed policy" is not outweighed by any risk of confusion or unfair prejudice.

**No. 4**   The motion is denied. Any probative value to evidence of the Department of Fair Employment and Housing's finding of "no probable cause" is substantially outweighed by the risk of unfair prejudice. The parties shall meet and confer to determine which documents, or portions thereof, are implicated by the denial of this motion and the granting of Grimes's motion No. 2.

2

**No. 5** The motion is denied to the extent that evidence of other employees' dates of hire and retirement dates will be allowed. Additionally, any testifying witness may be asked, in general terms, whether he or she holds stock in UPS or receives other compensation from the company. The motion is otherwise granted.

**No. 6** The motion is granted. Prior to any punitive damages phase, the probative value of evidence of UPS's size and resources is outweighed by the risk of unfair prejudice. It is likely, of course, that members of the jury will be aware that UPS is a large company, and this ruling does not preclude general argument that UPS could or should have been able to accommodate Grimes somewhere in its operations. Similarly, in the event UPS argues that accommodating Grimes would have imposed an undue financial burden, it may open the door to the introduction of evidence of its resources.

**No. 7** The motion is denied without prejudice to UPS's ability to raise specific objections during trial regarding the various matters addressed in this motion. It would appear axiomatic that any particular piece of evidence that is relevant *only* to a dismissed claim for relief will not be admissible; conversely, however, the mere fact that particular evidence relates to a dismissed claim does not *necessarily* mean it lacks any probative value under the claims that remain.

B. <u>GRIMES'S MOTIONS</u>

**No. 1** The motion is denied. To the extent the motion seeks to exclude documents on grounds that they were not timely produced, the continuance of the trial date has eliminated any basis upon which Grimes can claim prejudice.

Grimes's moving papers complain of UPS's conduct with respect to witnesses Joey Henslee and Gene Kanamori, but ultimately do not seek to exclude either of them from testifying at trial. Grimes does request exclusion of witness Jeff Cox, who UPS identified as a potential witness only seven days before the close of fact discovery. It does not appear that UPS reasonably knew or

3

should have known that Cox might have relevant information until it received various discovery requests from Grimes towards the end of the discovery period. Given that, and given UPS's offer to waive the discovery cut off to permit the deposition of Cox (which Grimes declined to do), Cox will not be precluded from testifying at trial. Finally, Grimes' moving papers seek to exclude Bryan Brum from testifying, but UPS disclaims any intent to call him as a witness.[1]

Grimes filed an "addendum" to exclude an additional six witnesses.[2] In opposition, UPS agreed to withdraw Steve Mende. UPS suggests that Jackie Burlingame and Maureen McNamara would be needed at most to authentic documents, and that the matter could be resolved by stipulation. The Court presumes the parties have since done so. The remaining three witnesses were all identified by Grimes in his own initial disclosures. While, as Grimes argues, such disclosure may not be dispositive, it does nonetheless undercut any showing of prejudice. Under all the circumstances, the Court concludes that precluding those three witnesses from testifying is not warranted.

**No. 2** The motion is granted, for the reasons that UPS's motion no. 4 was denied. Again, the parties shall meet and confer to determine what documents or portions thereof are affected.

**No. 3** The motion is denied. Grimes's medical history is highly relevant. The fact that certain treatment was never implemented does not render irrelevant the fact that it was discussed by medical treatment providers. The probative value of the evidence is not outweighed by any risk of unfair prejudice.

**No. 4** At the hearing, the Court directed the parties to identify specifically which

---

[1] UPS suggests Brum could be called to authenticate certain documents in the event Grimes raises an authenticity challenge. The Court assumes the parties have resolved authenticity issues prior to trial.

[2] UPS's opposition to the addendum discusses *eight* witnesses, but two of those, Martina Bayer and Tara Hollander, were *not* identified in the addendum as being subject to exclusion under this motion.

4

Washington State family court materials are implicated by this motion. A ruling will be defered pending the Court's receipt of that information, which should be provided via joint letter brief as promptly as practicable.

**No. 5** The motion is denied. Dr. Michael Ward's expert report appears to be within the bounds of an appropriate rebuttal to the opinions provided by Grimes's expert. Grimes's other arguments, if accepted, would go to the credibility and weight of Dr Ward's opinions, but do not rise to a level that would preclude him from testifying

**No. 6**: Although UPS argues that this motion could be denied in its entirety and a limiting instruction given in its place, the parties appear to be in general agreement that the collateral source rule precludes introduction of evidence that Grimes received *unemployment* benefits from the state of California. The motion is granted, to the extent that Grimes seeks to exclude evidence regarding unemployment benefits or any other benefits funded wholly from sources *other* than UPS. The record is unclear as to what, if any, other evidence Grimes may have intended this motion to reach. Accordingly, the motion is otherwise denied, without prejudice to Grimes's opportunity to make specific objections at trial as to any related matters.

IT IS SO ORDERED.

Dated: January 24, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 05-01824 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Darci Elaine Burrell   courtmail@boxerlaw.com

Claudia Center   ccenter@las-elc.org, lbossing@las-elc.org, lkapros@las-elc.org

Kathryn Burkett Dickson   kbdickson@dicksonross.com, courtmail@boxerlaw.com, pwach@dicksonross.com

Thomas E. Geidt   tomgeidt@paulhastings.com, jeffsmith@paulhastings.com

E. Jeffrey Grube , Esq   jeffgrube@paulhastings.com, patricialawson@paulhastings.com

Kerri N. Harper   kerriharper@paulhastings.com, jeffsmith@paulhastings.com

Jean K Hyams   courtmail@boxerlaw.com

Leslie Fran Levy   courtmail@boxerlaw.com

Sana Swe   sanaswe@paulhastings.com, daliaromhill@sbcglobal.net

Maurice Kirby Collette Wilcox   kirbywilcox@paulhastings.com, janetgogna@paulhastings.com

Julie Anne Wilkinson   JulieWilkinson@paulhastings.com, helendevol@paulhastings.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/24/08**                                         **Richard W. Wieking, Clerk**

                                                                    **By:    Chambers**

ORDER
C 05-01824 RS