IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NEAL GRIMES, | NO. C 05-01824 RS |
| Plaintiff, | **ORDER RE MIT SUBPOENA** |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

Defendant United Parcel Service, Inc. ("UPS") moves to quash a subpoena issued to the Massachusetts Institute of Technology ("MIT") under the auspices of the District Court for the district of Massachusetts. UPS is correct when it observes that a "trial subpoena" generally may not be used to obtain documents except under limited circumstances not present here. That said, however, there is no dispute that in this particular instance plaintiff did *not* use the subpoena as a *discovery* tool. Instead, plaintiff sought only to obtain in a different electronic *format* a video that was and is publicly available on MIT's website. Accordingly, any concern that plaintiff was seeking to *discover* information after the discovery cut off would be misplaced. Although it might have been technologically awkward, it appears that plaintiff likely could have shown the video at trial (if otherwise admissible) whether or not he obtained a copy from MIT.

1

1   Additionally, to the extent it arguably was improper in a procedural sense for plaintiff to
2   have this subpoena issued, it likewise is procedurally improper for UPS to move to quash in this
3   court.  See Fed R. Civ. P. 45 (c) (3) (a) ("On timely motion, the court *by which a subpoena was*
4   *issued* shall quash or modify , , . .) (emphasis added.)   Under all these circumstances, the Court
5   declines to conclude that the video may not be shown at trial based on the manner in which plaintiff
6   obtained a copy from MIT.

7   Nothing in this ruling, however, precludes UPS from arguing that the video is otherwise
8   inadmissible.  Plaintiff has suggested that he may not even attempt to introduce the video into
9   evidence.  The Court will rule on the general admissibility of the video if and when plaintiff seeks to
10  introduce it.

11  Finally, UPS's request for sanctions fails to comply with Civil Local Rule 7-8. Even if the
12  request had been separately noticed as required by the rule, imposition of sanctions would not be
13  warranted on this record.

15  IT IS SO ORDERED.

16  Dated:  February 1, 2008

        _____
        RICHARD SEEBORG
17      United States Magistrate Judge

ORDER
C 05-01824 RS