IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NEAL GRIMES, | NO. C 05-01824 RS |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION *IN LIMINE* NO. 4** |
| v. | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

Plaintiff Gregory Grimes's motion in limine No. 4 is granted to the extent set forth below. No documents filed in the Washington state family law proceedings will be admitted into evidence in this proceeding, with the exception of declarations submitted by Grimes, which may be introduced as party admissions if otherwise relevant. The parties are ordered to meet and confer to attempt to reach agreement as to the extent to which Grimes's declarations should be redacted to exclude irrelevant or unduly prejudicial matters.

As Grimes concedes, the *fact* that he was involved in the family law dispute is relevant and admissible, and UPS will be given latitude to explore the extent to which Grimes's involvement in those proceedings may have had a bearing on his ability to work, his ability or desire to leave Washington, the source of his emotional distress, and similar matters. The specifics of the

1

allegations made against Grimes in the family law proceeding are excluded as inadmissible hearsay, and because, to the extent any such evidence might be offered for a non-hearsay purpose or could be construed as falling within an exception to the hearsay rule[1], its potential probative value is outweighed by the risk of unfair prejudice. See F.R.E. 403. Additionally, it is apparent from the documents UPS seeks to introduce that the facts in the Washington family law case were sharply in dispute– a "trial within a trial" regarding those facts is *not* appropriate here.

Owing to its relevance to potential sources of stress during the time frame, UPS may elicit testimony that a temporary restraining order was issued against Grimes in the Washington proceeding, but shall not argue that the issuance of that order "demonstrates the seriousness with which the Court treated the allegations" made against Grimes, as the specifics of those allegations are *not* to be introduced. Grimes, of course, will be free to explain the circumstances under which that order issued and that it was superceded by a stipulated mutual restraining order.

IT IS SO ORDERED.

Dated: February 1, 2008

RICHARD SEEBORG
United States Magistrate Judge

---

[1] The hearsay exceptions cited by UPS appear inapplicable. As one example, UPS argues F.R.E. 803 (19) permits introduction of Beth Bayer's declaration, but that exception allows only evidence of reputation within a family "concerning a person's birth, adoption, marriage, divorce, death, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history." The allegations made by Bayer against Grimes in her declaration do not concern those kinds of matters.