*E-FILED 7/11/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NEAL GRIMES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED PARCEL SERVICE, INC.; and DOE 1 - DOE 10,<br><br>　　　　Defendants. | CASE NO.5:05-CV-01824-RS<br><br>**[~~PROPOSED~~] JUDGMENT**<br><br>Complaint filed: February 2, 2005<br><br>The Honorable Richard Seeborg |

I. **VOLUNTARY DISMISSAL**

On August 22, 2007, Plaintiff voluntarily dismissed Bill Klussman and Gary Hollandsworth as defendants in this case, pursuant to agreement between the parties. *See* Docket No. 85. On August 28, 2007, Plaintiff voluntarily dismissed his fifth (hostile work environment harassment) and twelfth (negligent infliction of emotional distress) claims, pursuant to agreement between the parties. *See* Docket No. 87. On September 14, 2007, Plaintiff voluntarily dismissed his seventh (fraud) and tenth (termination in violation of public policy) claims. *See* Docket. No. 150. Plaintiff also voluntarily dismissed his claims for collective relief under California Business & Professions Code Section 17200.

II. **MOTION FOR SUMMARY JUDGMENT**

On October 5, 2007, the Court heard oral argument on the parties' cross-motions for summary judgment. Plaintiff appeared through his counsel, Kathryn B. Dickson, of Dickson Ross, LLP, Leslie F. Levy, of Boxer & Gerson, LLP, and Claudia Center, of Legal Aid Society Employment Law Center. Defendant United Parcel Service, Inc. ("UPS") appeared through its counsel, Thomas E. Geidt, E. Jeffrey Grube, and Kerri N. Harper, of Paul, Hastings, Janofsky & Walker, LLP. That day, the Court ruled from the bench as follows: (1) UPS's motion for summary judgment was granted as to Plaintiff's first (disability discrimination), fourth (failure to prevent discrimination), sixth (retaliation), and eighth (discriminatory failure to rehire) claims; (2) UPS's motion for summary judgment was granted on Plaintiff's eleventh claim (invasion of privacy), to the extent that it asserted common law invasion of privacy; and (3) Plaintiff's motion for summary judgment was granted as to his eleventh claim (invasion of privacy), to the extent that it asserted statutory invasion of privacy.

The Court denied UPS's motion for summary judgment as to the second claim (failure to accommodate), third claim (failure to engage in the interactive process), ninth claim (unfair competition on behalf of Plaintiff himself only), and eleventh claim (unconstitutional invasion of privacy). The Court also denied Plaintiff's motion for partial summary judgment as to claims that UPS's administrative termination policy is a *per se* violation of the California Fair

Employment and Housing Act and that UPS was on notice of Plaintiff's pre-termination return-to-work communications with its disability administrators.

Plaintiff subsequently filed a motion for reconsideration of the Court order granting summary judgment on his eighth claim (discriminatory failure to rehire). The Court denied this motion on December 14, 2007, after briefing and argument. UPS filed a motion for leave to file a motion for reconsideration on the denial of summary judgment as to the statutory and constitutional privacy claims. The Court denied that motion on November 27, 2007. *See* Docket No. 282.

## III. DISMISSAL AND SETTLEMENT OF PRIVACY CLAIMS

On or about February 4, 2008, the parties stipulated on the record that they had privately resolved the damages attendant to Plaintiff's eleventh claim (statutory claim for invasion of privacy), with UPS to pay Plaintiff a total of $4,000 (inclusive of any claim for fees and costs). Plaintiff voluntarily dismissed his claim for violation of his constitutional right to privacy.

## IV. JURY TRIAL

Trial in this matter of the remaining claims – Plaintiff's second (failure to accommodate), third (failure to engage in the interactive process), and ninth (unfair competition) claims – commenced on February 5, 2008. Only the second and third claims were tried to the jury of eight individuals; the ninth claim was tried to the Court. Plaintiff appeared through Ms. Dickson, Ms. Levy, and Ms. Center. UPS appeared through Mr. Grube, Ms. Harper, and Elizabeth A. Falcone, of Paul, Hastings, Janofsky & Walker LLP. On February 26, 2008, the jury entered a verdict as follows:

1. Did Mr. Grimes prove by a preponderance of the evidence his claim that UPS failed to engage in good faith an interactive process with him to determine reasonable accommodation for his disability?

   Yes _____ No X

2. Did Mr. Grimes prove by a preponderance of the evidence that UPS

failed to provide Mr. Grimes with reasonable accommodation?

        Yes \_\_\_\_\_   No X

        Dated: February 26, 2008        /s/ Presiding Juror

A copy of the jury's verdict is filed as Docket No. 381.

**V.** **MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

On February 15, 2008, UPS filed a Rule 50 motion for judgment as a matter of law on Plaintiff's claims for failure to accommodate, failure to engage in the interactive process, and punitive damages. On February 19, 2008, the court heard oral argument on UPS's motion, denied UPS's motion as to the claims for failure to accommodate and failure to engage in the interactive process, and granted UPS's motion as to the claim for punitive damages.

**VI.** **BENCH TRIAL**

During the course of the jury trial, the parties presented evidence on Plaintiff's remaining claim, the ninth claim alleging that UPS engaged in unfair competition by maintaining and applying to Plaintiff a purported "100% healed" policy. The parties submitted post-trial findings of fact and conclusions of law on this remaining claim. On June 9, 2008, the Court heard oral argument on Plaintiff's ninth claim. Plaintiff appeared through Ms. Dickson and Ms. Center. UPS appeared through Mr. Grube, Ms. Harper, and Ms. Falcone. On June 23, 2008, the Court entered an Order and Opinion finding that Plaintiff failed to prove by a preponderance of the evidence that UPS had a "100% healed" policy during the relevant period, and even if it had such a policy, that UPS did not apply such a policy to Plaintiff. A copy of the Court's Order is filed as Docket No. 405.

///
///
///
///
///
///
///

### VII. CONCLUSION

Based on the foregoing, judgment is entered in favor of UPS on Plaintiff's first, second, third, fourth, sixth, eighth, and ninth claims. Judgment is further entered in favor of UPS on Plaintiff's eleventh claim to the extent it asserted a common law claim for invasion of privacy. Judgment is entered on behalf of Plaintiff on his eleventh claim to the extent it asserted a claim for statutory invasion of privacy. UPS may file its bill of costs pursuant to Northern District of California Local Rule 54-1 and Plaintiff may object pursuant to Local Rule 54-2.

DATED: July 11, 2008

_____
HON. RICHARD SEEBORG
United States Magistrate Judge

Presented By:

DICKSON - ROSS LLP

By: _____/s/ Kathryn Burkett Dickson_____
  Attorneys for Plaintiff
  GREGORY NEAL GRIMES

Presented By:

PAUL HASTINGS JANOFSKY & WALKER, LLP

By: _____/s/ Elizabeth A. Falcone_____
  Attorneys for Defendant
  UNITED PARCEL SERVICE, INC.