**\*E-FILED 10/17/08\***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

GREGORY NEAL GRIMES,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

NO. C 05-1824 RS

**ORDER DENYING MOTION FOR BILL OF COSTS**

## I. INTRODUCTION

Defendant United Parcel Services, Inc. ("UPS") moves for an order on its bill of costs filed pursuant to Civil Local Rule 54-1. Plaintiff Gregory Grimes opposes the motion. For the reasons stated below, the motion will be denied.

## II. BACKGROUND

Grimes brought this disability discrimination action after his employment was terminated by UPS, alleging violations of the California Fair Housing and Employment Act ("FEHA") and other state law claims. After partial summary judgment was granted against Grimes, the matter proceeded to a jury trial, which returned a verdict in favor of UPS on two claims for relief. After the jury verdict, the court decided the remaining equitable claims in favor of UPS. On July 11, 2008, judgment was entered against Grimes.

As the prevailing party, UPS filed a bill of costs seeking a total of $52,470.42 consisting of: (1) $810 for clerk of court filing fees; (2) $6,657.37 for service of summons and subpoenas; (3) $6,522.20 for court reporter transcripts; (4) $22,112.29 for a deposition court reporter; (5)

$10,002.12 for exemplification and copying; (6) and $6,366.44 for witness expenses and other costs. Grimes contends that the costs are not authorized under the applicable statute, and alternatively, argues that the costs are insufficiently justified or excessive and unreasonable.

### III. LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule creates a presumption in favor of awarding costs but vests in district courts the discretion to refuse to award costs. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591-92 (9th Cir. 2000). A district court must specify its reasons for denying an award of costs. *Id*. The court's discretion to award costs is limited under 28 U.S.C. § 1920 to: (1) clerk and Marshall fees; (2) court reporter transcript fees; (3) printing and witness fees; (4) exemplification and copying fees; (5) docket fees under Section 1923; and (6) compensation of court appointed experts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

### IV. DISCUSSION

Rule 54(d) governs an award of costs in federal district court even in cases in which state law supplies the law of the decision. *Cline v. Contra Costa County*, No. 05-15337, 2006 WL 3698678, at *1 (9th Cir. 2006). "Rule 54(d) creates a presumption in favor of awarding costs to a prevailing party as a matter of course, and this rule applies unless there is a *federal* statute with an express provision governing costs." *Id*. Despite the absence of a federal statute here preempting the broad discretion in Rule 54(d), Grimes argues that under Ninth Circuit precedent an award of fees and costs would be warranted only where plaintiff's claims were frivolous, unreasonable, or without foundation. *Brown v. Lucky Shores, Inc.*, 246 F.3d 1182, 1189-90 (9th Cir. 2001) (adopting the standard for awarding fees and costs under Title VII from *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).[1] Even though the FEHA was raised in *Brown*, the Ninth Circuit awarded

---

[1] Grimes also relies on *Cummings v. Benco Bldg. Servs.*, 11 Cal.App.4th 1383 (1992) for the application of the *Christiansburg* standard. Grimes fails to show how this state law case applying a state statute would preempt federal Rule 54(d).

2

1  costs based on the provision within the Americans with Disabilities Act ("ADA") that expressly
2  divested a court of its Rule 54(d) discretion to award costs. 246 F.3d at 1187, 1190. The FEHA is
3  not a *federal* statute. In light of *Cline* and the broad discretion in Rule 54(d), the Court declines to
4  apply the *Christiansburg* standard to an award of costs under the FEHA without a federal statute
5  directing it to the contrary.

6  Although UPS is entitled to costs, discretion still remains under Rule 54(d) to refuse to award
7  costs. In deciding whether to award costs, a court may consider equitable factors such as: (1)
8  plaintiffs' limited budgets; (2) whether an award would lead to a harsh result; (3) the disparity
9  between the financial resources of the parties; and (4) whether the case was vigorously litigated.
10 *Nat'l Org. for Women*, 680 F.2d at 1294; *Schaulis v. CTB/McGraw-Hill*, Inc., 496 F. Supp. 666, 680
11 (N.D. Cal. 1980). In *Schaulis*, for example, the court declined to award costs because a harsh result
12 would occur if they were approved against the individual plaintiff that ultimately did not prevail
13 against the large corporate defendant in a "vigorously litigated" case. *Id*. To tax costs against
14 plaintiff in the context of a employment sex discrimination action could also chill individual litigants
15 of modest means from seeking to vindicate their rights under the civil rights laws. *Id*. Similar to
16 *Schaulis*, this case arises in the context of an employment discrimination action by an individual
17 plaintiff against a large corporate defendant, UPS, that was vigorously litigated over three years.
18 Considering the great disparity in the financial resources of the parties, the imposition of costs in this
19 case would undoubtedly create a harsh result, and chill like minded plaintiffs from pursuing their
20 employment discrimination claims.

## V. CONCLUSION

22 Accordingly, UPS's motion for an order on its bill of costs is denied.
23 IT IS SO ORDERED.

25 Dated: October 17, 2008

RICHARD SEEBORG
United States Magistrate Judge

28 ORDER DENYING MOTION FOR BILL OF COSTS
C 05-1824 RS

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Claudia Center    ccenter@las-elc.org

Darci Elaine Burrell    courtmail@boxerlaw.com

E. Jeffrey Grube , Esq    jeffgrube@paulhastings.com, patricialawson@paulhastings.com

Elizabeth A. Falcone    elizabethfalcone@paulhastings.com, vilmabottger@paulhastings.com

Jean K Hyams    courtmail@boxerlaw.com

Julie Anne Wilkinson    JulieWilkinson@paulhastings.com, helendevol@paulhastings.com

Kathryn Burkett Dickson    kbdickson@dicksonross.com, pwach@dicksonross.com

Kerri N. Harper    kerriharper@paulhastings.com, jeffsmith@paulhastings.com

Leslie Fran Levy    courtmail@boxerlaw.com

Maurice Kirby Collette Wilcox    kirbywilcox@paulhastings.com, janetgogna@paulhastings.com

Sana Swe    sanaswe@paulhastings.com, daliaromhill@sbcglobal.net

Thomas E. Geidt    tomgeidt@paulhastings.com, jeffsmith@paulhastings.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/17/08**                                                    **Richard W. Wieking, Clerk**

**By:**_____
            **Chambers**

ORDER DENYING MOTION FOR BILL OF COSTS
C 05-1824 RS

4